# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LINDA HAM, Guardian of Da'Rell Thomas,** | : | **CIVIL ACTION NO. 3:18-CV-1338** |
| | : | |
| | : | **(Chief Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **THE CITY OF SCRANTON and BRENDAN CUNNINGHAM,** | : | |
| | : | |
| **Defendants** | : | |

# **ORDER**

AND NOW, this 30th day of September, 2019, upon consideration of the report (Doc. 38) of Magistrate Judge Martin C. Carlson, recommending that the court grant defendants' motion (Doc. 14) to dismiss plaintiff's complaint (Doc. 1) for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), wherein Judge Carlson opines that plaintiff's complaint fails to plead a Section 1983 claim on a state-created danger theory because she has not established that defendants acted in a manner that shocks the conscience, or that defendants acted affirmatively to create a danger or to render a citizen more vulnerable to danger than they otherwise would have been, (Doc. 38 at 12-18), and wherein Judge Carlson further opines that plaintiff's claim for municipal liability pursuant to Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), fails both on its merits and because a municipality cannot be held liable absent a predicate constitutional violation, (see Doc. 38 at 19-23), and the court noting that plaintiff filed objections (Doc. 39) to the report, see FED. R. CIV. P.

72(b)(2), which have been fully briefed by the parties, (see Docs. 40, 43, 44), and following *de novo* review of the contested portions of the report, E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)), and affording "reasoned consideration" to the uncontested portions, id. (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)), the court finding Judge Carlson's analysis to be well-reasoned and fully supported by the record and by the applicable decisional law,[1] and further finding plaintiff's objections (Doc. 39) to be without merit for the reasons set forth in the report, it is hereby ORDERED that:

1. The report (Doc. 38) of Magistrate Judge Carlson is ADOPTED as set forth herein.

2. Defendants' motion (Doc. 14) to dismiss plaintiff's complaint (Doc. 1) is GRANTED.

3. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice.

---

[1] We diverge from Judge Carlson's rationale only to the extent we conclude that a merits analysis of plaintiff's Monell claim is unnecessary. Municipal liability is contingent upon proof of an underlying constitutional injury. See Grazier *ex rel.* White v. City of Philadelphia, 328 F.3d 120, 124 (3d Cir. 2003) (citing City of Canton v. Harris, 489 U.S. 378, 390 (1989); City of L.A. v. Heller, 475 U.S. 796, 799 (1986)). Thus, we adopt the report as to the Monell claim only to the extent we agree that the claim is foreclosed by dismissal of the underlying constitutional claim.

We echo Judge Carlson's sentiment that this court is not unsympathetic to the tragic circumstances and resulting injuries outlined in plaintiff's complaint. But we also agree with Judge Carlson that plaintiff has failed to allege anything beyond negligence as the cause of those injuries. The United States Supreme Court has made clear that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." County of Sacramento v. Lewis, 523 U.S. 833, 848-49 (1998). We note, however, that the deficiencies outlined in the report are factual rather than legal in nature. Curable amendment is conceivable, so we will grant plaintiff leave to amend her complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

4. Plaintiff is GRANTED leave to amend her complaint within 14 days of the date of this order.

5. In the absence of a timely filed amended complaint, the Clerk of Court shall close this case.

     /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania